**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITIMORTGAGE, INC., | No. 20-16638 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 2:16-cv-00398-JCM-GWF |
| v. | |
| CORTE MADERA HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., | MEMORANDUM* |
| Defendants-Appellees, | |
| SUSAN PATCHEN; EAGLE AND THE CROSS, LLC, | |
| Defendants-counter-claimants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 15, 2021
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellant CitiMortage, Inc. ("Citi") appeals the district court's grant of summary judgment to the Corte Madera Homeowners Association ("HOA") in this diversity action stemming from the HOA's non-judicial foreclosure sale of a Nevada home. A notice of delinquent assessment lien and a notice of default and election to sell were recorded during the automatic stay triggered by the homeowner's filing for bankruptcy. *See* 11 U.S.C. § 362. Citi is the assignee of the deed of trust securing the original loan to the homeowner. Citi filed the underlying complaint challenging the validity of the foreclosure sale, claiming in relevant part that the recording of the notice of delinquent lien and of default and election to sell violated the automatic stay.

The case was before us previously in an earlier appeal by Citi. We remanded to the district court to decide three questions: whether Citi has standing to challenge the alleged violation of the automatic stay, whether the underlying property belonged to the debtor or the estate at the time of the alleged violation, and whether the foreclosure notices violated the automatic stay. *CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103, 1111 (9th Cir. 2020).

On remand, the district court held that Citi, as a creditor, lacked standing to challenge the sale. Our court has since held otherwise. *See Bank of New York*

2

*Mellon v. Enchantment at Sunset Bay Condo. Ass'n*, 2 F.4th 1229, 1232 (9th Cir. 2021). That decision controls this one, and accordingly, we hold that Citi has standing to challenge the foreclosure sale. The district court's contradictory ruling must be reversed.

The district court did not reach the other two questions we identified in the earlier appeal. However, the facts are not disputed and the questions are questions of law that this court can now decide more expeditiously than the district court. The home became property of the estate because the debtor did not claim it as exempt. *See* 11 U.S.C. §§ 541, 522(l); *Schwab v. Reilly*, 560 U.S. 770, 774 (2010). The recording of the notice of delinquent assessment lien and notice of default violated the automatic stay because the automatic stay prohibits "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). The Nevada Supreme Court has recognized that the recording of a notice of default pursuant to Nevada law violates the automatic bankruptcy stay, rendering the foreclosure sale void. *See Premier One Holdings, Inc. v. Bank of New York Mellon*, 401 P.3d 1145, 2017 WL 4158138 at * 1 (Nev. Sept. 19, 2017) (unpublished).

Because the appellant Citi has standing to challenge a violation of the automatic stay, and there was such a violation here, the judgment of the district

3

court in favor of the appellee HOA must be reversed and the matter remanded for further proceedings.

**REVERSED AND REMANDED.**